United States District Court
Southern District of Texas
**ENTERED**
January 26, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| MELISSA STEVENSON, | § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. G-12-259 |
| CAROLYN W. COLVIN, Commissioner of the Social Security Administration, | § § § § | |
| Defendant. | § | |

## OPINION AND ORDER

Before the Court, with the consent of the parties, is Plaintiff Melissa Stevenson's "Application for Attorney Fees Under the Equal Access to Justice Act" (Docket Entry ("Dkt.") No. 20), to which the Commissioner filed a response. (Dkt. No. 21).

## I. DISCUSSION

The Equal Access to Justice Act ("EAJA") provides, in relevant part, that:

> A Court shall award to a prevailing party [in certain suits against the United States] . . . fees and other expenses . . . unless the Court finds that the position of the United States was substantially justified.

28 U.S.C. § 2412(d)(1)(A). Attorneys who successfully represent persons seeking benefits under the Social Security Act fall within the attorney fee provisions of the EAJA. *Herron v. Bowen*, 788 F.2d 1127 (5th Cir. 1986).

In the present case, Stevenson was the prevailing party and, as such, she is entitled to seek attorney fees under the EAJA. *Hensley v. Eckerhart*, 461 U.S. 424, 43 (1983). In support of her

1

request for attorney fees, Stevenson's counsel has submitted an itemized list of services showing that from 2012 through 2015/2016, he expended a total of 41.90 hours in this case and that he reasonably and necessarily performed this legal work on behalf of Stevenson. (Dkt. No. 20, Exs. Nos. E, F). The Commissioner does not dispute the reasonableness or necessity of the total number of hours expended by Stevenson's attorney in this case. (Dkt. No. 21). Having carefully considered the submissions, the Court concludes that the time spent by Stevenson's attorney in this case was justifiable.

Turning to the hourly rate, the EAJA provides that attorney's fees shall be limited to $125 an hour "unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 22412(d)(2)(A). Stevenson's attorney requests the hourly rate should be adjusted annually based on the Department of Labor's Consumer Price Index ("CPI"), as it is calculated for the relevant area. (*See* Dkt. No. 20, Ex. Nos. A - D). Therefore, based on the adjusted hourly rates for 2012 through 2015/2016,[1] Stevenson seeks an award of $7,600.36 in attorney fees for the 41.90 hours[2] of legal work he performed in this case. (Dkt. No. 20 at 7). The Commissioner does not oppose the hourly rate at which Stevenson's attorney seeks his fees (Dkt. No. 21) and, having considered his submissions, the Court concludes that the annually adjusted hourly rate requested by Stevenson's attorney is reasonable.

---

[1] Stevenson's attorney requests an hourly rate of $178.29 for 2012; $181.45 for 2013; $183.46 for 2014; and $182.61 for 2015/2016. (Dkt. No. 20 at 7).

[2] The total hours Stevenson's attorney spent in this case break down as follows: 2.25 hours in 2012; 37.95 hours in 2013; .60 hours in 2014; and 1.10 hours in 2015/2016. (Dkt. No. 1 at 7).

2

## CONCLUSION

Accordingly, for the foregoing reasons, it is the **ORDER** of this Court that Plaintiff Melissa Stevenson's Application For Attorney Fees (Dkt. No. 20), as correctly calculated,[3] is **GRANTED** and that Plaintiff Melissa Stevenson is awarded attorney's fees in the amount of $7,598.13, plus court costs of $350.00, for a total award of **$7,948.13**.

**DONE** at Galveston, Texas, this _26th_ day of January, 2016.

JOHN R. FROESCHNER
UNITED STATES MAGISTRATE JUDGE

---

[3] The amount of attorney's fees has been corrected to account for slight errors in Plaintiff's calculations. As pointed out by the Commissioner, Stevenson mistakenly calculated the total for 2012 as $403.40, instead of $401.15 (2.25 hours at an unopposed hourly rate of $178.29). (Dkt. No. 21 at 1, n. 1). Additionally, while Stevenson rounded the totals down for 2013 ($6886.02) and 2014 ($110.07), the Commissioner rounded up ($6886.03 and $110.08) when reaching the total. (*Compare* Dkt. No. 20 at 7 *with* Dkt. No. 21 at 1).

3